IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**MICHAEL G. PELKEY,**

    Plaintiff,

v.                                                             Civil Action No. **3:15CV377**

**ERIC D. WILSON,**

    Defendant.

**MEMORANDUM OPINION**

Plaintiff, a federal inmate, submitted this action as petition for a writ of habeas corpus under 28 U.S.C. § 2241. "[T]he settled rules [provide] that habeas corpus relief is appropriate only when a prisoner attacks the fact or duration of confinement, *see Preiser v. Rodriguez*, 411 U.S. 475 (1973); whereas, challenges to the conditions of confinement that would not result in a definite reduction in the length of confinement are properly brought" by some other procedural vehicle. *Olajide v. B.I.C.E.*, 402 F. Supp. 2d 688, 695 (E.D. Va. 2005) (emphasis omitted) (internal parallel citations omitted) (citing *Strader v. Troy*, 571 F.2d 1263, 1269 (4th Cir. 1978)). In this action, Plaintiff challenges the quality of medical care he has received. Accordingly, by Memorandum Order entered on July 16, 2015, the Court informed Plaintiff that the action would proceed as a regular civil action rather than as a petition for a writ of habeas corpus. While the filing fee for a petition for a writ of habeas corpus is $5.00, the filing fee for a regular civil action is $350.00.

The July 16, 2015 Memorandum Order directed Plaintiff to submit a statement under oath or penalty of perjury that:

    (A)    Identifies the nature of the action;
    (B)    States his belief that he is entitled to relief;
    (C)    Avers that he is unable to prepay fees or give security therefor; and,

        (D)    Includes a statement of the assets he possesses.

*See* 28 U.S.C. § 1915(a)(1). The Court provided Plaintiff with an *in forma pauperis* affidavit form for this purpose.

    Additionally, the Court directed Plaintiff to affirm his intention to pay the full filing fee by signing and returning a consent to collection of fees form. The Court warned Plaintiff that a failure to comply with either of the above directives within thirty (30) days of the date of entry thereof would result in summary dismissal of the action.

    Plaintiff has not complied with the July 16, 2015 Memorandum Order. Instead, Plaintiff insists that he is entitled to proceed with his current challenge to the conditions of his confinement under 28 U.S.C. § 2241. Plaintiff is wrong. *Braddy v. Wilson*, 580 F. App'x 172, 173 (4th Cir. 2014) ("Because [the inmate's] petition alleged constitutional violations regarding only the conditions of his confinement and did not challenge the fact or duration of his sentence, his claims are more properly brought in [a civil rights action than in a habeas petition]." (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488 (1973); *Strader v. Troy*, 571 F.2d 1263, 1269 (4th Cir. 1978))); *but see McNair v. McCune*, 527 F.2d 874, 875 (4th Cir. 1975) (citations omitted) ("We hold there is federal habeas corpus jurisdiction over the complaint of a federal prisoner who is challenging not the validity of his original conviction, but the imposition of segregated confinement without elementary procedural due process and without just cause.").

    As Plaintiff has failed to comply with the July 16, 2015 Memorandum Order, he does not qualify for *in forma pauperis* status. Furthermore, he has not paid the statutory filing fee for the instant action. *See* 28 U.S.C. § 1914(a). Such conduct demonstrates a willful failure to

prosecute. *See* Fed. R. Civ. P. 41(b). Accordingly, this action will be DISMISSED WITHOUT PREJUDICE. The Clerk will be DIRECTED to RETURN to Plaintiff the $5.00 he submitted.

An appropriate Order shall accompany this Memorandum Opinion.

/s/
John A. Gibney, Jr.
United States District Judge

Date: 9/14/15
Richmond, Virginia