IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**MICHAEL G. PELKEY,**

    Plaintiff,

v.                                                                            Civil Action No. **3:15CV377**

**ERIC D. WILSON,**

    Defendant.

## MEMORANDUM OPINION

The matter is before the Court on Plaintiff's Second Motion for Reinstatement (ECF No. 14). For the reasons set forth below, the Motion for Reinstatement (ECF No. 14) will be DENIED.

Plaintiff, a federal inmate, submitted this action as a petition for a writ of habeas corpus under 28 U.S.C. § 2241. "[T]he settled rules [provide] that habeas corpus relief is appropriate only when a prisoner attacks the fact or duration of confinement, *see Preiser v. Rodriguez*, 411 U.S. 475 (1973); whereas, challenges to the conditions of confinement that would not result in a definite reduction in the length of confinement are properly brought" by some other procedural vehicle. *Olajide v. B.I.C.E.*, 402 F. Supp. 2d 688, 695 (E.D. Va. 2005) (emphasis omitted) (internal parallel citations omitted) (citing *Strader v. Troy*, 571 F.2d 1263, 1269 (4th Cir. 1978)). In this action, Plaintiff challenged the quality of medical care he had received. Accordingly, by Memorandum Order entered on July 16, 2015, the Court informed Plaintiff that the action would proceed as a regular civil action rather than as a petition for a writ of habeas corpus. While the filing fee for a petition for a writ of habeas corpus is $5.00, the filing fee for a regular civil action is $350.00.


The July 16, 2015 Memorandum Order directed Plaintiff to submit an *in forma pauperis affidavit* and a consent to collection of fees form. Plaintiff did not comply with the July 16, 2015 Memorandum Order. Instead, Plaintiff wrongly insisted that he was entitled to proceed with his current challenge to the conditions of his confinement under 28 U.S.C. § 2241. *See Braddy v. Wilson*, 580 F. App'x 172, 173 (4th Cir. 2014) ("Because [the inmate's] petition alleged constitutional violations regarding only the conditions of his confinement and did not challenge the fact or duration of his sentence, his claims are more properly brought in [a civil rights action than in a habeas petition]." (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488 (1973); *Strader v. Troy*, 571 F.2d 1263, 1269 (4th Cir. 1978))). As Plaintiff failed to comply with the July 16, 2015 Memorandum Order and had not paid the statutory filing fee, by Memorandum Opinion and Order entered on September 14, 2015, the Court dismissed the action without prejudice.

On October 19, 2015, Plaintiff filed his First Motion for Reinstatement wherein he continued to insist that he can proceed with the action as a petition for a writ of habeas corpus and only pay $5.00. As previously explained by the Court, Plaintiff was wrong. Accordingly, by Memorandum Opinion and Order entered on November 25, 2015, the Court denied Plaintiff's First Motion for Reinstatement. Plaintiff's Second Motion for Instatement (ECF No. 14) will be DENIED for the reasons previously stated.

An appropriate Order shall accompany this Memorandum Opinion.

Date: 2/25/16
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge